**SO ORDERED.**

**SIGNED this 20 day of June, 2024.**

_____

**David M. Warren**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | CASE NO.: |
| PORT CITY CONTRACTING SERVICES, INC. | 22-02917-5-DMW |
| DEBTOR | CHAPTER 7 |

| | |
|---|---|
| MARK EASTHAM and PETER SPARK, | |
| Plaintiffs, | |
| vs. | ADVERSARY PROCEEDING NO.: 23-00089-5-DMW |
| ALGERNON L. BUTLER, III, CHAPTER 7 TRUSTEE FOR PORT CITY CONTRACTING SERVICES, INC., ROBERT P. SHARPE, STONE BAY TACTICAL, LLC, and SRS SUPPLY, LLC, | |
| Defendants. | |

**ORDER APPROVING AND AUTHORIZING COMPROMISE OF CONTROVERSY**

**(Eastham & Spark)**

THIS MATTER comes before the Court upon the Motion for Approval of Compromise of Controversy ("Motion") filed by Algernon L. Butler, III as Chapter 7 Trustee for Port City Contracting Services, Inc. ("Trustee") seeking approval of the terms of settlement of certain controversies existing in this case as to Messrs. Mark Eastham and Peter Spark.

It appears that the Motion was duly filed and served, and based on the Motion and other matters of record in the case the Court makes the following findings of fact and conclusions of law:

1. On December 16, 2022 ("PCCS Petition Date"), Port City Contracting Services, Inc. ("PCCS" or "Debtor") filed with the U.S. Bankruptcy Court for the Eastern District of North Carolina ("Court"), a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, Case No. 22-02917-5-DMW ("PCCS Bankruptcy Case"), and Algernon L. Butler, III was appointed as Chapter 7 Trustee ("Trustee" or "PCCS Trustee") to fulfill the duties set forth in 11 U.S.C. § 704.

2. On December 16, 2022 ("PCCS Petition Date"), Port City Contracting Services, Inc. ("PCCS" or "Debtor") filed with the U.S. Bankruptcy Court for the Eastern District of North Carolina ("Court"), a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, Case No. 22-02917-5-DMW ("PCCS Bankruptcy Case"), and Algernon L. Butler, III was appointed as Chapter 7 Trustee ("Trustee" or "PCCS Trustee") to fulfill the duties set forth in 11 U.S.C. § 704.

3. On the Petition Date, a civil action captioned <u>Mark Eastham and Peter Spark v. Port City Contracting Services, Inc., Robert P. Sharpe, Stone Bay Tactical, LLC, and SRS Supply, LLC</u>, File No.: 22 CVS 1507, ("Civil Action") was pending in the Superior Court for New Hanover, North Carolina ("Superior Court"). The Superior Court Action was initiated on or about May 4, 2022.

4. The Civil Action was removed to the Bankruptcy Court by a Notice of Removal

filed on September 22, 2023 [AP DE 1], and the action is therefore pending with the Court under Adversary Proceeding No. 23-00089-5-DMW.

5. On March 4, 2024 the Plaintiffs filed in the Civil Action a Second Amended Complaint ("Second Amended Complaint") [AP DE 57], on March 22, 2024 the Trustee filed in the Civil Action a Motion to Dismiss Plaintiffs' Second Amended Complaint and Motion to Sever Claims ("Trustee's Motion to Dismiss and Sever") [AP DE 76], and on April 17, 2024 the Plaintiffs filed in the Civil Action a Restatement of Motion to Dismiss Counterclaims as to counterclaims that PCCS had asserted against them prior to the PCCS Petition Date ("Plaintiffs' Motion to Dismiss Counterclaims") [AP DE 100].

6. Mark Eastham ("Eastham") filed in the PCCS Bankruptcy Case Proof of Claim # 10 as a non-priority unsecured claim in an undesignated amount ("Eastham Proof of Claim"), and Peter Spark ("Spark") filed in the PCCS Bankruptcy Case Proof of Claim # 11 as a non-priority unsecured claim in an undesignated amount ("Spark Proof of Claim").

<u>Request for Approval of Settlement Agreement</u>

7. On April 24, 2024, the parties to the proposed settlement and others attended and participated in a mediated settlement conference after which the terms of the settlement proposed herein were agreed to subject to Court approval.

8. By and through this motion and in accordance with Fed. R. Bank. P. 9019(a), the Trustee respectfully requests that the Court enter an order approving the terms of the Settlement Agreement between the Trustee, Eastham, and Spark which agreement is attached hereto as Exhibit 1 ("Settlement Agreement").

9. In accordance with the above referenced Consent Order, 11 U.S.C. §§ 541, 704 and other applicable sections of the U.S. Bankruptcy Code and Bankruptcy Rules of Procedure, the

Trustee, with Court approval, has the authority to agree, enter into and consummate the Settlement Agreement.

10. The substantive terms of the Settlement Agreement are summarized as follows:[2]

1. *Dismissal of Claims*.

    a. Eastham and Spark shall dismiss without prejudice the following claims pending in the Civil Action which are asserted by them against PCCS, Robert Sharpe, Stone Bay Tactical LLC, and/or SRS Supply LLC:

    i. First Claim for Relief (Breach of Fiduciary Duty);
    ii. Second Claim for Relief (Constructive Fraud);
    iii. Third Claim for Relief (Production of Corporate Records);
    iv. Fifth Claim for Relief (Breach of Contract);
    v. Sixth Claim for Relief (Wage and Hour);
    vi. Eighth Claim for Relief (Breach of Stock Redemption Agreement);
    vii. Ninth Claim for Relief (Derivative claim); and
    viii. Tenth Claim for Relief (Fraudulent Transfer).

    b. The PCCS Trustee shall dismiss without prejudice the following counterclaims pending in the Civil Action that are asserted by PCCS against Eastham and/or Spark:

    i. First Counterclaim (Breach of Fiduciary Duty);
    ii. Second Counterclaim (Breach of Contract);
    iii. Third Counterclaim (Conversion); and
    iv. Fourth Counterclaim (Unjust Enrichment).

2. *Parties Not Subject to Discovery*. The PCCS Trustee shall not be subject to any discovery requests from Eastham and/or Spark with regard to the claims that remain pending in the Civil Action. In addition, Eastham and Spark shall not be subject to any discovery requests from the PCCS Trustee with regard to the claims that remain pending in the Civil Action.

3. *Eastham Claim*. The Eastham Proof of Claim # 10 shall be deemed to be filed as a general non-priority proof of claim in the amount of $72,000. The PCCS Trustee retains the right to object to the Eastham Proof of Claim, and Eastham retains the right to assert any and all defenses to any such objection.

---

[2] In the event of any conflict between the summary of the settlement contained in this motion and the settlement terms contained in the Settlement Agreement, the terms of the Settlement Agreement shall control.

   *4. <u>Spark Claim</u>.  The Spark Proof of Claim # 11 shall be deemed to be filed as a general non-priority proof of claim in the amount of $92,000.  The PCCS Trustee retains the right to object to the Spark Proof of Claim, and Spark retains the right to assert any and all defenses to any such objection.*

   *5. <u>401(K)</u>.  Eastham and Spark are participants in the 401(k) plan issued by PCCS which is subject to ERISA.  Pursuant and subject to the plan documents and the applicable ERISA and other statutes and regulations and orders of the Bankruptcy Court, the Parties shall maintain any and all rights as to the 401(k) plan as the plan is wound down, including the right of Eastham and Spark to receive any net balance of each of their respective 401(k) accounts after the payment of all costs, charges, fees, and expenses (i) approved by the Court as to the PCCS Trustee and his counsel, and/or (ii) required to be paid by Sentinel Benefits & Financial Group (the plan Provider), and related to the administration, winding down, and/or termination of the plan and after any necessary court approval and allocation or proration of the same.*

   11. Fed. R. Bank. P. 9019 authorizes a bankruptcy court to approve compromises and settlements, and 11 U.S.C. § 105(a) empowers a court to issue any order that is "necessary or appropriate" to carry out the provisions of the Bankruptcy Code.

   12. Compromises are generally favored in bankruptcy, and the approval of a settlement under Rule 9019 is committed to the discretion of the bankruptcy court.  <u>In re Health Diagnostic Laboratory, Inc.</u>, Case No. 15-32919, 2016 WL 6068812, at *3 (Bankr. E.D. Va. Oct. 14, 2016).  In considering a settlement, the Court should consider: (a) the probability of success in litigation; (b) the possible difficulties of collecting on any judgment which might be obtained; (c) the complexity of the litigation involved, and the expense, inconvenience, and likely duration and delay necessarily attending it; and (d) the paramount interest of the creditors.  <u>See id</u>. (citing <u>In re Frye</u>, 216 B.R. 166 (Bankr. E.D. Va. 1997)).

   13. Compromises should be fair and equitable.  <u>In re Health Diagnostic Lab., Inc.</u>, 2016 WL 6068812, at *3 (citing <u>In re Alpha Nat. Res., Inc.</u>, 544 B.R. 848, 857 (Bankr. E.D. Va. 2016) (citing <u>Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson</u>, 390 U.S. 414, 424 (1968))).  However, in making this determination, "[t]he court does not have to

be convinced that the settlement is the best possible compromise, but only that the settlement falls within a reasonable range of litigation possibilities. Therefore, the settlement need only be above 'the lowest point in the range of reasonableness.'" In re Health Diagnostic Lab., Inc., 2016 WL 6068812, at *3 (citing In re Austin, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995)). "[I]t is unnecessary to conduct a mini-trial to determine the probable outcome of any claims waived in the settlement." In re Cajun Elec. Power Corp., 119 F.3d 349, 356 (5th Cir. 1997). "The responsibility of the bankruptcy judge . . . is not to decide the numerous questions of law and fact . . . but rather to canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." Ars Brook, LLC v. Jalbert (In re Servisense.com, Inc.), 382 F.3d 68, 71-72 (1st Cir. 2004).

    14. As to the first prong of the test, "the probability of success in litigation," there is a legitimate question about which parties would be likely to prevail against each other in the claims asserted in the Civil Action. Because the settlement results in a dismissal of claims without prejudice, this factor favors the settlement.

    15. As to the second prong of the test, "the possible difficulties of collecting on any judgment which might be obtained," because the settlement does not provide for either of the parties to recover anything against the other, this factor is neutral.

    16. The third prong considers the "complexity of the litigation involved, and the expense, inconvenience, and likely duration and delay necessarily attending it." Litigation between the parties would be costly, time-consuming, and involve inconvenience to the parties and other parties in interest, and the bankruptcy estate of the Debtor would incur significant expense if that litigation were to proceed, which could result in the administrative insolvency of the bankruptcy estate. Accordingly, this factor favors the settlement.

17.     Finally, under the fourth prong, "the paramount interest of the creditors," because continuation of litigation would result in significant delay and expense, and the risk that the ultimate outcome of the litigation may result in a more adverse result to the bankruptcy estate, a resolution of this matter pursuant to these terms will minimize costs and preserve the assets of the estate in order to maximize the distribution to creditors. Accordingly, this factor favors the settlement.

18.     The terms and provisions of the settlement are the result of arms-length negotiations between the parties, represent a sound exercise of the Trustee's business judgment, and are consistent with the responsibilities and duties bestowed on the Trustee pursuant to the Bankruptcy Code.

19.     For these and other reasons, and in light of the significant costs, time, risks, burdens of proof, and uncertainty as to the amount of any judgments that would be entered, which continued litigation would entail, the Trustee is of the good faith belief that the terms and conditions of the settlement are fair, equitable, and in the best interests of the bankruptcy estate and its creditors, would avoid the costs, expense, time, risks, and uncertainty of further litigation, would preserve a fund for the bankruptcy estate which may otherwise be unavailable, and should be approved by the Court.

NOW THEREFORE, in consideration of the above findings of fact and conclusions of law, IT IS ORDERED, ADJUDGED AND DECREED as follows:

1.     The Motion is ALLOWED.

2.     The Settlement Agreement attached to the Motion as Exhibit 1 is APPROVED.

END OF DOCUMENT