SO ORDERED.

SIGNED this 3 day of July, 2024.



_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

IN RE:                                               CASE NO. 22-02917-5-DMW

**PORT CITY CONTRACTING SERVICES, INC.**
                                                                    **CHAPTER 7**
     **DEBTOR**

### RECOMMENDATION FOR DISMISSAL OF APPEAL AND
### DEFERRAL OF MOTION FOR CERTIFICATION OF DIRECT APPEAL

This matter comes before the court *sua sponte* upon the Notice of Appeal filed by Robert Paul Sharpe ("Appellant") on June 4, 2024, appealing the Order Approving and Authorizing Compromise of Controversy (DaVinci Entities) ("Compromise Order") entered on May 30, 2024, and upon the Motion for Certification of Direct Appeal to the United States Court of Appeals for the Fourth Circuit ("Motion for Certification") filed by the Appellant on July 2, 2024.

On June 18, 2024, the court entered an Order Allowing Extension of Time to File Record and Issues on Appeal, directing the Appellant to file by July 2, 2024 a designation of items to be included in the record on appeal and a statement of issues to be presented pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure. The Appellant failed to comply timely and has not filed the required designation and statement; therefore, the court recommends to the United States

District Court for the Eastern District of North Carolina ("District Court") that the appeal be dismissed summarily for failure to comply with Rule 8009.

The Motion for Certification requests the court to certify a direct appeal of the Compromise Order to the United States Court of Appeals for the Fourth Circuit. Pursuant to Rules 8006(b) and (d) of the Federal Rules of Bankruptcy Procedure, the court will lose jurisdiction to rule on the Motion for Certification on July 8, 2024, when the matter becomes pending in the District Court. Rule 8006(f)(3) provides parties to the appeal with fourteen (14) days to file a response to the Motion for Certification. This time period runs beyond the court's ability to certify a direct appeal, if warranted; therefore, the court declines to consider the Motion for Certification and defers the matter for consideration by the District Court, should it choose not to dismiss the appeal.

END OF DOCUMENT