IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:24-CV-00456-M

ROBERT PAUL SHARPE,

    Appellant,

v.

ALGERNON BUTLER, et al.,

    Appellees.

ORDER

    This matter comes before the court on Appellant's response to the court's show cause order [DE 20]. The court previously ordered Appellant to show cause why it should not dismiss his appeal for noncompliance with Rule 8009 of the Federal Rules of Bankruptcy Procedure. DE 19 at 2. In response, Appellant directs the court to Docket Entry 182 in the Bankruptcy Court of this District (Case No. 22-02917-5-DMW). But that docket entry is not "a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8009(a)(1)(A). It is a motion requesting that the bankruptcy court directly certify the appeal to the Fourth Circuit. *See* Bankruptcy Court DE 182 at 1.

    Accordingly, Appellant has failed to show cause, and the court dismisses the appeal for Appellant's failure to comply with Federal Bankruptcy Rule 8009(a)(1)(A). *See* Fed. R. Bankr. P. 8003(a)(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court [] to act as it considers appropriate, including dismissing the appeal."); *In re Broadnax*, 122 F. App'x 81, 82 (4th Cir. 2005) (recognizing district court's "discretion to dismiss an appeal if the appellant fails to comply with the procedural requirements of the bankruptcy rules"); *In re Serra Builders, Inc.*,

1

970 F.2d 1309, 1311 (4th Cir. 1992). The court specifically finds that Appellant was negligent in failing to file the designation of the items to be included in the record on appeal and a statement of the issues to be presented; he asked for and received an extension of time to make that filing, and then failed to do so (notwithstanding that, during the pendency of his extension of time, he filed eight other motions, appeals, or responses in the Bankruptcy Court). *In re Serra Builders, Inc.*, 970 F.2d at 1311. The court has also given Appellant an opportunity to explain the delay and found his explanation (that the court should instead consider the contents of a separate filing) inadequate. *See id.* Under the circumstances, dismissal is warranted. *See In re Abijoe Realty Corp.*, 943 F.2d 121, 123 n.1 (1st Cir. 1991) ("The responsibility for voids in the appellate record must reside with the party whose claim of error depends for its support upon any portion of the record of the proceedings below which was omitted from the designation of the record on appeal.")

Appellant's notice of appeal [DE 1] is DISMISSED. As a result, Appellant's motion for order to show cause [DE 14], motion to accept amended designation [DE 18], emergency motion to stay bankruptcy proceedings [DE 15], and second emergency motion to stay bankruptcy proceedings [DE 21] are DENIED AS MOOT. Likewise, Appellees' joint motion to dismiss [DE 16] is DENIED AS MOOT. The Clerk of Court is directed to close this case.

SO ORDERED this 12th day of September, 2024.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

2