**SO ORDERED.**

**SIGNED this 1 day of October, 2024.**



_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 22-02917-5-DMW |
| PORT CITY CONTRACTING | ) | |
| SERVICES, INC. | ) | |
|     Debtor. | ) | CHAPTER 7 |

## PROTECTIVE ORDER

Upon the joint motion of the United States of America, on behalf of its agency the U.S. Department of Veterans Affairs (the "VA"), and the Chapter 7 trustee Algernon L. Butler, III (the "Trustee"), for good cause shown, to facilitate the expeditious production of documents referenced in this Court's Rule 2004 Order [D.E. 244] (the "Rule 2004 Order"), to facilitate the prompt resolution of disputes over confidentiality, and to adequately protect sensitive materials, the Court enters this protective order (the "Protective Order") as follows:

1. This Protective Order applies to all information produced by the United States to the Trustee pursuant to the Rule 2004 Order. This Protective Order does not apply to information obtained by the Trustee from other sources.

2. The information produced by the United States to the Trustee pursuant to the Protective Order shall be deemed sensitive information ("Sensitive

Information"). The United States may produce Sensitive Information to the Trustee in its unredacted form. The VA will designate information subject to protection under this order by marking or placing the words, "SENSITIVE INFORMATION-SUBJECT TO PROTECTIVE ORDER" on all documents and copies containing Sensitive Information in a manner that will not interfere with the legibility of the information.

3. The Sensitive Information produced by the VA to the Trustee shall be held in strict confidence except as to uses permitted herein. Right of access to the Sensitive Information shall be limited to the Trustee, parties in litigation with the Trustee (collectively with the Trustee, "Litigation Parties"), counsel for the Litigation Parties, and parties authorized by the Trustee and counsel to the Litigation Parties to access or examine the information in connection with litigation related to the above-captioned bankruptcy case. Right of access shall be limited to only those who need to have access for the purpose of litigation related to the above-captioned bankruptcy case. Any person having access to the Sensitive Information shall be informed that such material is confidential and subject to this Protective Order, and individuals to whom the Sensitive Information are made available are bound by the restrictions in this Protective Order. The Trustee or any counsel who provides a person with access to the Sensitive Information shall take reasonable steps to ensure that such person complies with this Protective Order. To ensure Sensitive Information is held in strict confidence, before any person or entity or a representative thereof is given access to Sensitive Information, if permitted by this

Protective Order, such entity or person or a representative thereof shall be provided with a copy of this Order and shall execute a Declaration in the form provided as Exhibit A hereto.

4. Except as provided in paragraph 11, below, those having right of access to the Sensitive Information shall, and may, use the Sensitive Information only for purposes of the litigation related to the above-captioned bankruptcy case, including any investigation pursuant to resolving the above-captioned bankruptcy case. The Sensitive Information shall not be used for any business, competitive, governmental, commercial, or administrative purpose or function, or in any other case, proceeding, matter, controversy, lawsuit, or other legal action, whether currently on-going or not yet commenced. The Litigation Parties and their counsel shall not use or disclose, and shall take all reasonable steps to prevent the use or disclosure of, the Sensitive Information for any other reason.

5. No person having access to the Sensitive Information shall make public disclosure of the Sensitive Information without further order of this Court or written consent of the United States.

6. The Sensitive Information subject to this Protective Order shall not lose their confidential and/or protected status through the use of such Sensitive Information during the course of litigation related to the above-captioned bankruptcy case, and the Parties shall take all steps reasonably required to protect their confidentiality during such use.

7. Sensitive Information subject to this Protective Order shall not be further reproduced by the Litigation Parties except in connection with their use in litigation related to the above-captioned bankruptcy case. Any reproductions by the Litigation Parties of information subject to this Protective Order shall also be subject to the terms of this Protective Order.

8. The Sensitive Information subject to this Protective Order shall be destroyed within 60 days of the conclusion of all trial and appellate proceedings in litigation related to the above-captioned bankruptcy case. In the event that any copies of the Sensitive Information are made by the Litigation Parties, all such copies shall be destroyed within 60 days of the conclusion of all trial and appellate proceedings in litigation related to the above-captioned bankruptcy case. Once the Sensitive Information and any copies of the same are destroyed, the Litigation Parties shall certify the same, in writing, to the United States Attorney's Office for the Eastern District of North Carolina.

9. Attendance at depositions at which the Sensitive Information is identified, discussed, or disclosed shall be limited to the deposition notary, court reporter(s), videographer(s), the deponent and their counsel, counsel for the Litigation Parties, and any other person who is subject to the terms of this Protective Order. Depositions and videos of depositions in which Sensitive Information subject to this Protective Order is introduced may be used in litigation related to the above-captioned bankruptcy case only upon further order of this Court or with the written consent of the United States.

10. The United States reserves all rights, arguments, and objections related to the Rule 2004 Order and the production of information pursuant to the Rule 2004 Order. The United States does not waive any such rights, arguments, or objections by producing information pursuant to this Protective Order. In accordance with Federal Rule of Evidence 502(d), and Federal Rule of Civil Procedure 26(b)(5)(B), made applicable hereto by Federal Rule of Bankruptcy Procedure 9014, the production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the attorney client privilege or work product protection in this case or in any state or federal proceeding. This Order shall be interpreted to provide the maximum protection allowed under Federal Rule of Evidence 502(d) and any applicable state law equivalents. Further, this Protective Order and the production of information by the United States pursuant to this Protective Order does not waive any potential restrictions or limitations on the disclosure of information imposed by federal statute, regulation, or other authority, including but not limited to, the Trade Secrets Act (18 U.S.C. § 1905), the Procurement Integrity Act (41 U.S.C. Chapter 21 as implemented at 48 C.F.R. Part III), the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a.

11. Nothing in this order prohibits the United States from using or disclosing the Sensitive Information consistent with its oversight and law enforcement functions, or otherwise in accordance with applicable law, regulations,

and policies, including any authorized disclosures to Congress or other federal departments or agencies.

12. Upon approval and entry by the Court, the provisions of this Protective Order constitute an order of this Court and violations of the provisions of this Protective Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other order of the Court.

13. Notwithstanding any other provisions of this Protective Order, the Trustee may use the Sensitive Information for purposes in addition to those set forth herein by consent of the VA communicated in writing to the Trustee by the office of the U.S. Attorney. In addition, the Trustee further retains the right to request that the provisions of this Protective Order be modified to permit the Trustee's use of the Sensitive Information for purposes in addition to those set forth herein, any such request may be made by the Trustee on an expedited basis, and the entry of this Protective Order shall not prejudice or impair the rights or any request of the Trustee to seek a modification of the provisions hereof for such purposes.

## Exhibit A

## Declaration

Pursuant to the Protective Order (the "Protective Order"), dated _____, 2024, in the case *In Re: Port City Contracting, Inc.*, Case No. 22-02917-5-DMW, United States Bankruptcy Court for the Eastern District of North Carolina, the undersigned, hereby: (a) acknowledges that it has received and reviewed a copy of the Protective Order, and agrees to be bound by the terms and conditions of the Protective Order, and (b) certifies that it will not use the Sensitive Information for any purpose other than in connection with the case *In Re: Port City Contracting, Inc.*, Case No. 22-02917-5-DMW, United States Bankruptcy Court for the Eastern District of North Carolina and will not disclose or cause Sensitive Information to be disclosed to anyone not expressly permitted by the Protective Order to receive Sensitive Information. The undersigned hereby submits to the jurisdiction of the Bankruptcy Court with respect to the provisions of this Protective Order.

Signature: _____

Name: _____

Title: _____

Date: _____

**"END OF DOCUMENT"**