**SO ORDERED.**

**SIGNED this 25 day of April, 2025.**



_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 22-02917-5-DMW |
| PORT CITY CONTRACTING SERVICES, INC. | CHAPTER 7 |
| DEBTOR | |

### ORDER RESTRICTING ACCESS TO PAPERS

This matter comes before the court *sua sponte* pursuant to 11 U.S.C. § 107 and Rule 9018 of the Federal Rules of Bankruptcy Procedure. As outlined in this Order, the Clerk of the United States Bankruptcy Court for the Eastern District of North Carolina ("Clerk") and her Deputy Clerks ("Deputy Clerks") have been directed and are directed to restrict from public access certain court filings made by Robert Paul Sharpe ("Mr. Sharpe"), finding that those filings are defamatory and not grounded in fact or law. The court made these oral rulings prior to the entry of this Order, and those directives have been followed by the Clerk and the Deputy Clerks. The court now memorializes those directives in the Order being filed in the above-referenced matter. The court makes the following findings of fact and conclusions of law:

1.      Port City Contracting Services, Inc. ("PCCS") initiated the Chapter 7 filing ("PCCS Case") on December 16, 2022, pursuant to a corporate resolution by the board of directors with Mr. Sharpe's attestation of the corporate action. The court appointed Algernon L. Butler III, Esq. ("Trustee") as Chapter 7 trustee to administer the estate pursuant to 11 U.S.C. § 704.

2.      Mr. Sharpe filed a Chapter 13 petition, Case Number 23-00607-5-DMW ("Sharpe Case") on March 3, 2023. The court appointed Joseph A. Bledsoe, III, Esq. as the Chapter 13 trustee to administer the estate pursuant to 11 U.S.C. §1302. The court granted Mr. Sharpe's Motion to Dismiss his case, and the court dismissed the Sharpe Case on January 5, 2024.

3.      Mr. Sharpe is a former board member and officer of PCCS. The schedules filed with the court indicate that Mr. Sharpe has unpaid wages owing from PCCS, but he has not filed a proof of claim.

4.      Mr. Sharpe has been a litigant in two adversary proceedings associated with the PCCS case. Those adversary proceedings are as follows:

   a.      *Robert Paul Sharpe v. Peter J. Spark, Mark Leon Eastham and Daniel Matthew Shoaf,* Adversary Proceeding No. 23-00035-5-DMW;[1] and

   b.      *Mark Eastham and Peter Spark v. Port City Contracting Services, Inc.,*[2] *Robert P. Sharpe, Stone Bay Tactical, LLC and SRS Supply, LLC,* Adversary Proceeding No. 23-00089-5-DMW.[3]

---

[1] This court dismissed the Complaint filed in this adversary proceeding. Mr. Sharpe appealed the dismissal to the United States District Court which dismissed the appeal. That order is now on appeal to the Fourth Circuit Court of Appeals.

[2] On January 17, 2024, this court entered a Consent Order substituting Mr. Butler as the real party in interest as trustee for PCCS and amending the caption.

[3] This court remanded this removed adversary proceeding to the New Hanover County (NC) Superior Court. Mr. Sharpe appealed the remand to the United States District Court which dismissed the appeal. That order is now on appeal to the Fourth Circuit Court of Appeals.

5. Mr. Sharpe has filed several documents in the PCCS Case designated as docket entries 375, 385, 395 and 404 (collectively, "Documents").

6. Mr. Sharpe has also communicated with Deputy Clerks of this court in inappropriate manners, demanding that those Deputy Clerks reverse the direction of this court to reverse the Order of this court restricting public access to the Documents. Those Deputy Clerks have received threats by Mr. Sharpe. The following was received by a Deputy Clerk on April 23, 2023:

> *Please know I intend to file a DOJ report against you and Judge Warren under criminal conspiracy to deprive rights.*
> *Eventually your office will learn to follow the law.*
> *Sincerely, Trey Sharpe[4]*

7. Pursuant to 11 U.S.C. § 107(b)(2), the court may, *sua sponte*, "protect a person with respect to scandalous or defamatory matter contained in a paper filed under this title." Pursuant to Rule 9018(2) of the Federal Rules of Bankruptcy Procedure, the court may, s*ua sponte*, "protect an entity from scandalous or defamatory matter in any document filed in a bankruptcy case."

8. The Documents are not grounded in fact or law and are laden with inaccurate, false, inflammatory, defamatory, unsubstantiated, and fictitious information. Such statements in the Documents could expose Mr. Sharpe to sanctions and possible liability if those Documents are not protected under 11 U.S.C. § 107(b)(2) and Rule 9018(2) of the Federal Rules of Bankruptcy Procedure. In other words, Mr. Sharpe and this court need to be protected from Mr. Sharpe's unfounded and ungrounded allegations and assertions in the Documents.

9. If a motion to vacate this Order is properly filed pursuant to Rule 9018 of the Federal Rules of Bankruptcy Procedure, the court will conduct a hearing to determine if this Order should be vacated.

---

[4] Trey Sharpe is the nickname or informal name used by Mr. Sharpe.

10. The court again emphasizes the need for Mr. Sharpe to retain counsel to assist him in the matters before the court; now therefore,

It is ORDERED, ADJUDGED, and DECREED as follows:

1. The Documents shall be restricted from public assess pursuant to 11 U.S.C. § 107 and Rule 9018 of the Federal Rules of Bankruptcy Procedure; and

2. This Order shall be served on Mr. Sharpe by the Clerk.

END OF DOCUMENT