IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:24-CV-00847-M

| | |
|---|---|
| ROBERT PAUL SHARPE, <br><br> Appellant, <br><br> v. <br><br> DAVINCI AEROSPACE, LLC, et al., <br><br> Appellees. | ORDER |

This matter comes before the court on a Notice of Appeal [DE 1] filed by Robert Paul Sharpe ("Appellant"). Appellant seeks to appeal an order from United States Bankruptcy Judge David M. Warren, in which Judge Warren granted a "Motion to Strike Designation of Record" filed by The DaVinci Company, LLC, DaVinci Aerospace, LLC, and Daniel Shoaf in a Chapter 7 bankruptcy proceeding. DE 1 at 4. The struck filing, styled as a Designation of Record,[1] was filed by Appellant in the bankruptcy proceeding and relates to a separate appeal filed by Appellant in 2024. *See In re: Port City Contracting Services, Inc.*, Case No. 22-02917-5-DMW, (Bankr. E.D.N.C. 2022), DE 185 (relating to *Sharpe v. Butler et al.*, Case No. 7:24-CV-00456-M, (E.D.N.C. 2024).[2] That separate appeal has since been dismissed. *Sharpe v. Butler et al.*, Case No. 7:24-CV-00456-M, (E.D.N.C. 2024), DE 22 (order dismissing appeal).

Two months after Appellant instituted this appeal, Judge Warren recommended dismissal of the appeal because Appellant failed to pay the filing fees "required for his appeal pursuant to

---

[1] In bankruptcy appeals, "[t]he appellant must . . . file with the bankruptcy clerk a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8009(a)(1).
[2] Judge Warren struck the Designation of Record as untimely, and because it lacked "a statement of the issues to be presented" and thus did "not comply with Rule 8009(a)(1)" of the Federal Rules of Bankruptcy Procedure. DE 1 at 5.

1

28 U.S.C. § 1930 and the corresponding Bankruptcy Court Miscellaneous Fee Schedule." DE 2 at 1. Rather than dismiss the appeal outright, United States District Judge Terrence W. Boyle thereafter ordered Appellant "to either pay the filing fee or demonstrate why this Court should waive payment of the filing fee in this appeal." DE 5 at 1. Appellant did not pay the filing fee, and instead responded to Judge Boyle's order by asserting that he "has been approved for I[n] F[orma] P[auperis] 5 times in [other] matters by the Fourth Circuit," and that "the Bankruptcy Court has forced unnecessary appeals." DE 6 at 1. Thereafter, this appeal was reassigned to the undersigned. *See* Text Order dated May 8, 2025.

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), because "Article III limits our jurisdiction to cases and controversies," *Eden, LLC v. Just.*, 36 F.4th 166, 169 (4th Cir. 2022). *See also* U.S. Const. art. III, § 2, cl. 1. In that regard, "[t]he doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction." *Brooks v. Vassar*, 462 F.3d 341, 348 (4th Cir. 2006). "A case becomes moot, and therefore nonjusticiable," when "the parties lack a legally cognizable interest in the outcome." *Fleet Feet, Inc. v. NIKE, Inc.*, 986 F.3d 458, 463 (4th Cir. 2021). A party lacks a legally cognizable interest in the outcome when "resolution of an issue" on appeal "could not possibly have any practical effect on the outcome of the [underlying] matter." *Norfolk S. Ry Co. v. City Of Alexandria*, 608 F.3d 150, 161 (4th Cir. 2010).

Applying those principles, the court finds that this appeal is moot. Appellant has no legally cognizable interest in the outcome of this appeal, and its resolution would have no practical effect. As explained, Appellant seeks to appeal an order from Judge Warren that struck a filing that Appellant made in the bankruptcy proceeding. DE 1. But that filing related to a separate appeal that Appellant instituted, and which has since been dismissed. *See In re: Port City Contracting*

*Services, Inc.*, Case No. 22-02917-5-DMW, (Bankr. E.D.N.C. 2022), DE 185; *Sharpe v. Butler et al.*, Case No. 7:24-CV-00456-M, (E.D.N.C. 2024), DE 22.

Therefore, even if the court agreed with Appellant and determined that Judge Warren should not have struck the Designation of Record, that resolution would have no practical effect. Appellant's Designation of Record would be re-filed on the docket in the bankruptcy proceeding, but that's it. The Designation of Record only has legal or practical significance to the extent it is part of the record in an appeal. And the appeal to which the Designation of Record relates has been dismissed. *Sharpe v. Butler et al.*, Case No. 7:24-CV-00456-M, (E.D.N.C. 2024), DE 22.

As then-Judge Gorsuch aptly put it, the job of federal courts "is to decide cases that matter in the real world, not those that don't." *Wyoming v. U.S. Dep't of Interior*, 587 F.3d 1245, 1250 (10th Cir. 2009). Resolving this appeal "could not possibly have any practical effect." *Norfolk Southern*, 608 F.3d at 161. Accordingly, Appellant "lack[s] a legally cognizable interest in the outcome," *Fleet Feet*, 986 F.3d at 463, meaning that "this case is moot," *Eden, LLC*, 36 F.4th at 169. Appellant's Notice of Appeal [DE 1] is DISMISSED AS MOOT.[3]

SO ORDERED this 1st day of July, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Even if this appeal were not moot, the court would still dismiss the appeal due to Appellant's failure to pay the requisite filing fee or show cause why such fee should be waived. 28 U.S.C. § 1930; DE 2; DE 5.

3