UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-1889

ROBERT PAUL SHARPE,

        Movant - Appellant,

    v.

DAVINCI COMPANY, LLC; DAVINCI AEROSPACE, LLC; DANIEL M. SHOAF,

        Defendants - Appellees,

    and

ALGERNON LEE BUTLER, III,

        Trustee - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Richard E. Myers, II, Chief District Judge. (7:24-cv-00456-M-RJ)

Submitted: August 28, 2025                                  Decided: October 31, 2025

Before GREGORY, QUATTLEBAUM, and HEYTENS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Robert Paul Sharpe, Appellant Pro Se. Charles M. Ivey, III, IVEY, MCCLELLAN, SIEGMUND, BRUMBAUGH & MCDONOUGH, LLP, Greensboro, North Carolina, for

2

Appellees DaVinci Company, LLC, and DaVinci Aerospace, LLC. Elizabeth Castle Taylor, LAW OFFICES OF ELIZABETH C. TAYLOR, Oak Island, North Carolina, for Appellee Daniel M. Shoaf. Algernon Lee Butler, III, Wilmington, North Carolina, Trustee - Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Paul Sharpe appeals the district court's order dismissing his appeal from the bankruptcy court's order approving a settlement agreement. Sharpe has filed a motion for relief and two motions to consolidate this appeal with other appeals he had filed in this court. We deny these motions, vacate the district court's order, and remand this action to the district court for further proceedings.

Sharpe timely noted an appeal to the district court from the bankruptcy court's order approving the settlement agreement. When Sharpe failed to file a designation of the record on appeal and a statement of the issues as required by Fed. R. Bankr. P. 8009(a)(1)(A), the district court ordered him to show cause why his appeal should not be dismissed on that basis. After considering Sharpe's response, the district court determined that Sharpe had not complied with Rule 8009(a)(1)(A), that his failure to do so was negligent, and that his explanation was inadequate. The court then concluded that dismissal was warranted and dismissed the appeal. Sharpe timely appealed that order to this court.

Bankruptcy Rule 8009 provides that an appellant must designate the items to be included in the record on appeal and file a statement of the issues within 14 days after the notice of appeal becomes effective. Fed. R. Bankr. P. 8009(a)(1)(A). The district court has discretion to dismiss a bankruptcy appeal for failure to timely file the designation of the record or the statement of issues. Fed. R. Bankr. P. 8003(a)(2). In applying that discretion, the district court must consider the four factors outlined in *In re Serra Builders, Inc.*, 970 F.2d 1309 (4th Cir. 1992). Specifically, the court must: "(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the

3

delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives," keeping in mind that dismissal is a "harsh sanction which a district court must not impose lightly." *Id.* at 1311. Proper application of the *Serra Builders* test requires the court to consider and balance all relevant factors. *In re SPR Corp.*, 45 F.3d 70, 74 (4th Cir. 1995).

In this case, the district court determined that Sharpe did not timely file a designation of the record or a statement of issues as required by Rule 8009 and therefore dismissed the appeal. However, the district court did not address two of the *Serra Builders* factors: whether the delay resulted in possible prejudice to other parties and the availability of lesser sanctions.

Because the district court failed to consider and balance all the relevant factors, we vacate the district court's order dismissing Sharpe's appeal and remand this case to the district court for proper application of the *Serra Builders* balancing test. *See SPR Corp.*, 45 F.3d at 74. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*