IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:24-CV-00456-M

| | |
|---|---|
| ROBERT PAUL SHARPE,<br><br>    Appellant,<br><br>v.<br><br>ALGERNON BUTLER, et al.,<br><br>    Appellees. | ORDER |

This matter comes before the court on the mandate issued by the United States Court of Appeals for the Fourth Circuit. DE 31. For the following reasons, and after careful reconsideration of each of the four *Serra Builders* factors, Appellant's notice of appeal is DISMISSED.

## I.    Factual Background

On June 2, 2024, Appellant filed a notice of appeal in this court. Appellant seeks review of the bankruptcy court's May 30, 2024, Order Approving and Authorizing Compromise of Controversy. DE 1. On July 3, 2024, this court received *sua sponte* from the bankruptcy court a "recommendation for dismissal of appeal" in which the bankruptcy court explained that Appellant had failed to file the designation of appellate record and statement of issues required by Rule 8009 of the Rules of Bankruptcy Procedure, despite requesting and receiving an extension to do so. DE 6. On July 16, Appellant filed a Motion to Accept Amended Designation, in which he identified several entries on the bankruptcy docket to be included in the record on appeal but did not include a statement of the issues to be presented or identify any issues for appeal. DE 18, 18-1.

On September 4, 2024, the court issued an order to show cause, explaining to Appellant that he had "fail[ed] to include any 'statement of the issues to be presented,'" and ordered

Appellant to show cause "why the court should not dismiss this appeal for his continuing failure to comply with Federal Bankruptcy Rule 8009." DE 19 at 2 (quoting Fed. R. Bankr. P. 8009(a)(1)(A)). In his response, Appellant contended that he both "included [the] required information" in his notice of appeal on the bankruptcy docket, identifying docket entry 182, and "emailed [opposing counsel] with the information." DE 20 at 1. However, the indicated document "is a motion requesting that the bankruptcy court directly certify the appeal to the Fourth Circuit" and "not a designation of the items to be included in the record on appeal and a statement of the issues to be presented." DE 22. Accordingly, the court dismissed the appeal after it "specifically [found] that Appellant was negligent in failing to file" the required documents and observed that, after "giv[ing] Appellant an opportunity to explain the delay," it "found his explanation . . . inadequate." DE 22 at 2; *see In re Serra Builders, Inc.*, 970 F.2d 1309 (4th Cir. 1992).

Appellant appealed to the United States Court of Appeals for the Fourth Circuit. DE 24. The Fourth Circuit remanded the matter, explaining that this court erred when it did not "address two of the Serra Builders factors: whether the delay resulted in possible prejudice to other parties and the availability of lesser sanctions." DE 29. The Fourth Circuit's mandate issued on November 11, 2025. DE 31. This matter is now ripe for consideration.

## II.    Legal Standards

Upon entering a notice of appeal in a bankruptcy matter, the appellant must "file . . . a designation of the items to be included in the record on appeal and a statement of the issues presented." Fed. R. Bankr. P. 8009(a)(1)(A). An appellant must "file and serve the designation and statement on the appellee within 14 days after . . . the notice of appeal as of right has become effective." Fed. R. Bankr. P. 8009(a)(1)(B). "An appellant's failure to take any step other than timely filing a notice of appeal does not affect the appeal's validity, but is ground only for the

district court [] to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2).

"[I]t is clear that the district court has within its discretion the power to impose sanctions including dismissal upon an appellant for not complying with the procedural requirements of the bankruptcy rules." *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992). In *Serra*, the Fourth Circuit held that, when determining whether to dismiss a bankruptcy appellant's appeal, a "district court must take at least one of the following steps:

(1) make a finding of bad faith or negligence;
(2) give the appellant notice and an opportunity to explain the delay;
(3) consider whether the delay had any possible prejudicial effect on the other parties; or
(4) indicate that it considered the impact of the sanction and available alternatives."

*Id.* Read literally, that rule requires a district court to merely take only one of the noted steps. But as the Fourth Circuit has subsequently explained, that is not so. "Any fair reading of *Serra* reveals that a proper application of its test will normally require a district court to consider and balance all relevant factors." *In re SPR Corp.*, 45 F.3d 70, 74 (4th Cir. 1995). Accordingly, the "steps" originally identified in *Serra* are now better understood as the following relevant factors: "the good faith of the appellant (*see* step one)[,] possible prejudice to other parties (*see* step three) . . . [, and] less drastic alternatives (*see* step four)." *Id.* Based on the Fourth Circuit's order in this matter, the court will also consider Appellant's response to the court's show cause order as his "expl[anation]" following the court's "notice" consistent with *Serra* step two. *Cf. In re Serra*, 970 F.2d at 1311; *see also* DE 29 at 3–4.

### III. Analysis

Under the first *Serra* factor, this court considers whether Appellant acted in bad faith, in good faith, or negligently. The court previously specifically found that Appellant was negligent

3

in failing to file a statement of the issues to be presented. DE 22 at 2. Upon careful reconsideration, nothing in the record indicates that the court's prior finding was incorrect. The bankruptcy court explicitly instructed Appellant to file "a designation of the items to be included in the record on appeal and a statement of issues to be presented." Bankr. DE 153. Because defendant acknowledged that directive, asking for and receiving an extension of time to make his filing, it is clear to the court that Appellant well understood his responsibility to file the required documents. Appellant's failure to meet his known obligations is nothing short of negligent.

Yet Appellant instead used his extension to make eight additional, baseless filings in the bankruptcy docket. In one such filing, a Motion to Recuse Judge, Appellant accused the bankruptcy court of "abus[ing] and bull[ying]" Appellant. Bankr. DE 167. Additionally, in response to that motion, Appellees offered the bankruptcy court excerpts of Appellant's emails to them, exhibiting Appellant's pattern of harassing, rude communication. Bankr. DE 175-1 at 87–87[1] (excerpts in footnote). Beyond negligence, these emails and many of Appellant's filings in this case and the case below indicate repeated efforts to deal with the court and opposing parties in bad faith. The court declines to so find but notes that Appellant did not act in anything

---

[1] "I warned Mr. Ivey. I keep my promises. He will be held accountable. My federal case is just beginning." ; "I realize you don't take this serious. James went to Harvard Law, perhaps he can explain why you might consider a different path with Dan. If he doesn't tell the truth soon, he will end up wishing he did. Clock is ticking." ; "The lies and abuse of process in bankruptcy court only bought you time, but the damages still toll. Now your lies will be exposed publicly, as is proper when dealing with taxpayer fraud and retaliation." ; "At this point any attempt to suppress the truth in any manner is potential obstruction of justice. Soon, I will be taken seriously. Dishonest statements will be corrected one way or another." ; "I will be speaking to Congress. Mr. Birchers fraud will be exposed before the Fourth Circuit, the EDNC, and in the press." ; "The rest of you will be exposed. The rights and duties you ignored, you will be held accountable. Next time don't try and pick a fight with someone who made a living exposing fraud, learning the laws around the word, fighting truly scary people, and a professional writer with a focus on rhetorical analysis."

4

resembling good faith. Given Appellant's negligence and pattern of conduct, the first *Serra* factor favors dismissal.

The second *Serra* factor requires the court to give Appellant notice of his failure, give Appellant the opportunity to offer an explanation, and to carefully consider any such explanation. *See In re Serra*, 970 F.2d at 1311, DE 29 at 3–4. The court gave appellant such notice and opportunity via its September 4, 2024, Order to Show Cause, in which it identified Appellant's ongoing failure to provide "any statement of the issues to be presented" and directed Appellant to "show cause why the court should not dismiss this appeal for his continuing failure to comply with Federal Bankruptcy Rule 8009(a)(l)(A)." DE 19 at 2. Appellant filed a response, claiming that the court was incorrect and insisting that he "included the required information" in several filings and emails to opposing counsel. DE 20 at 1–2. After careful review of the dockets, and consistent with every filing from this court, the bankruptcy court, and Appellees, the court concludes that Appellant has not once made the required filing in his bankruptcy appeal. The court has carefully considered Appellant's response to the show cause order—i.e., his insistence that everybody else is wrong and that he has actually provided the required information many times—and has given it the appropriate weight. Accordingly, the second *Serra* factor favors dismissal.

The third *Serra* factor requires this court to consider whether the delay caused by a party's failure to comply with the rules of bankruptcy procedure has prejudiced the opposing parties. Appellees argue that, because of Appellant's continuing failure to comply with the Rules of Bankruptcy Procedure, they have been forced to "move forward with their duties on [a]ppeal without knowing what issues are being appealed." DE 9 at 3. And they explain that, because of Appellant's failure, they have "incurred the expense of th[eir] Response" and the appeal. DE 9 at 4. Though Appellees have not suffered outrageous prejudice, they have suffered prejudice. In

light of Appellant's conduct, detailed above, that is enough. The third *Serra* factor favors dismissal.

The fourth *Serra* factor reminds this court to keep in mind that dismissal is a drastic remedy and to consider the availability of any alternative remedies. After careful consideration, there are no less drastic remedies available. It appears that Appellant's strategy is continuing to file appeals of every order with which he disagrees while refusing to comply with the court's instructions or the Rules of Bankruptcy Procedure in those matters. Indeed, this court has already dismissed seven such appeals.[2] Appellees contend "the only reasonable alternative to dismissal is for [Appellant] to be required to pay, as a condition precedent to the granting of additional time to comply, the actual expenses [Appellees] incurred." DE 9 at 4–5. However, based on Appellant's conduct in this and other matters, the court sees nothing to indicate that Appellant would either comply with the Rules of Bankruptcy Procedure if given additional time or reimburse Appellees for their costs arising out of this delay. In other words, there is no available alternative, and dismissal, though drastic, is the appropriate remedy in this matter. The fourth *Serra* factor favors dismissal.

### IV.   Conclusion

Appellant's notice of appeal, DE 1, is DISMISSED. As a result, Appellant's Motion for Order to Show Cause, DE 14, Motion to Accept Amended Designation, DE 18, Emergency Motion to Stay, DE 15, and second Emergency Motion to Stay, DE 21, are DENIED AS MOOT.

---

[2] 7:24-CV-556 (dismissal for failure to identify an issue on appeal); 7:24-CV-600 (dismissal for failure to pay filing fees); 7:24-CV-729 (dismissal for failure to pay filing fees); 7:24-CV-847 (dismissal because Appellant "lacked a legally cognizable interest in the outcome"); 7:25-CV-251 (dismissal because the court lacked jurisdiction over an interlocutory appeal); 7:25-CV-391 (granting Appellant's motion to dismiss because he wanted to appeal to the Fourth Circuit and hadn't paid his filing fee); 7:25-CV-689 (granting Appellant's motion to dismiss because he wanted to appeal to the Fourth Circuit and hadn't paid his filing fee)

Likewise, Appellee's joint motion to dismiss, DE 16, is DENIED AS MOOT. The Clerk of the Court is directed to close this case.

SO ORDERED this \_\_\_2d\_\_\_ day of December, 2025.

*Richard E Myers II*

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE