**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILMINGTON DIVISION**

CASE NO. 22-02917-5-DMW

CHAPTER 7

IN RE: PORT CITY CONTRACTING SERVICES, INC., DEBTOR.

**<u>EMERGENCY MOTION TO UNSEAL DOCKET ENTRIES</u>**
**<u>RESTRICTED WITHOUT WRITTEN ORDER</u>**

Robert Paul Sharpe respectfully moves this Court to unseal all docket entries restricted from public access without a written court order, and specifically to unseal the transcript and recording of the May 19, 2025 hearing. In support thereof, Movant states as follows:

**<u>THE PRESIDING JUDGE IS RULING ON HIS OWN MATTER</u>**

1. The Presiding Judge is the 36th Knight Commander of Kappa Alpha Order, the most senior leadership position in the national organization.

2. The Presiding Judge is also a leader with the Kappa Alpha Order Educational Foundation (KAOEF), alongside Defendant Larry Stanton Wiese.

3. On May 19, 2025, Mr. Wiese appeared at this Court's invitation and testified for approximately forty minutes in defense of KAO's reputation. No party requested his testimony. No notice was given to Movant. No subpoena was issued. No order appears on the docket authorizing his appearance.

4. The Presiding Judge is named as an alleged co-conspirator in *Sharpe v. Kappa Alpha Order and Larry Stanton Wiese*, No. 6:26-cv-00029-RSB-CKM (W.D. Va.), a civil rights action under 42 U.S.C. §§ 1985(2) and 1986 arising directly from the events at the May 19, 2025 hearing.

1

5. The Motion to Recuse (DE 385) was filed March 19, 2025 and ignored for over one year. It was summarily denied at DE 535 on April 3, 2026. The Renewed Motion to Recuse (DE 538) was denied the same day at DE 539 without analysis.

6. On April 10, 2026, the Presiding Judge denied Movant's request for the transcript of Wiese's testimony at government expense (DE 552), entering the order the same day the motion was filed, on a closed case, despite a renewed recusal objection.

7. Every ruling the Presiding Judge makes regarding the sealing, production, or accessibility of materials related to KAO and Wiese is a ruling on his own matter. This is precisely the conduct that 28 U.S.C. § 455 was enacted to prevent.

## FILINGS WERE SEALED WITHOUT A WRITTEN ORDER

8. Beginning in early March 2025, the Clerk restricted access to Movant's filings without any written order. The Clerk characterized Movant's filings as containing "defamatory accusations" and restricted them on her own initiative.

9. The Order Restricting Access to Papers (DE 406) was not entered until April 25, 2025—more than six weeks after the initial restrictions were imposed. DE 406 itself admits that the Clerk acted before the Order was entered.

10. The Clerk has no independent authority under 11 U.S.C. § 107 to restrict access to filings absent a court order. Any docket entry restricted before April 25, 2025, was sealed without legal authority.

11. DE 406 does not identify specific content within the restricted filings that warrants sealing. It does not name any entity in need of protection. It does not explain why alternatives to wholesale sealing were not considered. It fails to meet the requirements of *In re Murphy-Brown,*

2

*L.L.C.*, 907 F.3d 788 (4th Cir. 2018) and *Doe v. Public Citizen*, 749 F.3d 246, 268 (4th Cir. 2014).

### THE WIESE TESTIMONY MUST BE UNSEALED

12. The May 19, 2025 hearing was held in open court. There is no order sealing the transcript or recording of that hearing.

13. Wiese's testimony is central evidence in the WDVA civil rights action. It is cited at specific timestamps in the Amended Complaint (DE 8, ¶¶ 33–36, 43–45).

14. The Presiding Judge denied production of the transcript at government expense on the same day it was requested (DE 552). This Court cannot simultaneously deny production of the transcript and prevent Movant from accessing the recording of a hearing held in open court.

15. Appeals are pending before the Fourth Circuit and the sealed materials are relevant to those appeals.

16. This case was closed on April 3, 2026. Continued sealing on a closed case, by a judge who refuses to recuse from matters involving his own fraternity, serves no legitimate judicial purpose.

### LEGAL AUTHORITY

11 U.S.C. § 107(a) — Bankruptcy papers are public records open to examination.

*Doe v. Public Citizen*, 749 F.3d 246, 268 (4th Cir. 2014) — The public and press have a qualified First Amendment right of access to civil proceedings, including docket sheets.

*In re Murphy-Brown, L.L.C.*, 907 F.3d 788 (4th Cir. 2018) — The right of public access may be abrogated only in unusual circumstances with specific findings.

*Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988) — Public access to court records promotes the integrity of the judiciary.

28 U.S.C. § 455(a) — A judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

## **RELIEF**

Movant respectfully requests that this Court:

1. Unseal all docket entries restricted without a written court order;
2. Unseal the recording of the May 19, 2025 hearing;
3. Assign any ruling on this Motion to a judge other than the Presiding Judge; and
4. Grant such other relief as is just and proper.

Respectfully submitted this 10th day of April 2026,

/s/ Robert Sharpe

Robert Paul Sharpe
245 Royal Fern Rd
Wilmington, NC 28412
wilmingtondiver@gmail.com

4