IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-CV-01570-BO-KS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ROBERT PAUL SHARPE, | ) | ORDER |
| | ) | |
| Appellant. | ) | |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

This bankruptcy appeal is before the Court following the filing of appellant's brief. [DE 13]. In his notice of appeal, appellant, who proceeds *pro se*, states that he appeals a verbal order of the bankruptcy court entered on November 14, 2025, pursuant to which the clerk entered under seal appellant's notice of constitutional challenge. [DE 1]. In his appellant brief, appellant states that he challenges through this appeal "the Bankruptcy Court's restriction of public access to Appellant's filings - including the administrative reclassification of his Notice of Constitutional Challenge as 'miscellaneous correspondence' - together with the fee and in forma pauperis orders that have operated to insulate those access restrictions from meaningful appellate review." [DE 13 p. 1] .

District courts have jurisdiction to hear appeals from final orders of the bankruptcy courts. 28 U.S.C. § 158(a)(1). "[T]o be appealable, the challenged bankruptcy decision does not have to end the entire bankruptcy case; it just has to end a proceeding inside the case." *Kiviti v. Bhatt*, 80 F.4th 520, 529 (4th Cir. 2023). Appellant appears to challenge an action by the bankruptcy court clerk who noted a document appellant filed in the underlying bankruptcy proceeding as

miscellaneous correspondence and did not provide a link on the electronic docket to the actual filing. *See In re Port City Contracting Services, Inc.*, No. 22-02917-5-DMW, [DE 499] (Bankr. E.D.N.C. Nov. 14, 2025). As described in appellant's opening brief, this action appears to have been taken pursuant to an order restricting access to papers entered by the bankruptcy court on April 25, 2025. *Id.* [DE 406].

Appellant appealed the bankruptcy court's order restricting access to papers on April 28, 2025. *Id.* [DE 412]. Appellant's appeal of the April 25, 2025, order restricting access to papers has been dismissed without prejudice by this Court on appellant's motion. *See Sharpe v. Butler*, No. 7:25-CV-00689-M, [DE 6] (E.D.N.C. Sept. 25, 2025). Appellant sought dismissal of the appeal based on a mandamus petition filed in the United States Court of Appeals for the Fourth Circuit. *Id.* [DE 5]. The Fourth Circuit denied appellant's mandamus petition. *See In re: Robert Paul Sharpe*, No. 25-1476 (4th Cir. Aug. 26, 2025).

The Court thus discerns the instant appeal as concerning the application of the bankruptcy court's April 25, 2025, order restricting access to papers by a bankruptcy court clerk, not the order restricting access to papers itself. The Court thus does not perceive this appeal to implicate directly any final judgment, order, or decree of the bankruptcy court. 28 U.S.C. § 158.

Under 28 U.S.C. § 158(a)(3), appeals from interlocutory orders in bankruptcy court may proceed in district court if leave is granted. Such appeals from bankruptcy courts to district courts are to be taken in the same manner as appeals are generally taken from the district courts to the courts of appeals. *Id.* § 158(c)(2).

28 U.S.C. § 1292(b) governs interlocutory appeals from the district courts to the circuit courts of appeals. Section 1292(b) authorizes leave for an interlocutory appeal of an order where that order "involves [(1)] a controlling question of law [(2)] as to which there is substantial ground

for difference of opinion and [(3)] that an immediate appeal from the order may materially advance the termination of the litigation[.]" *Id.* § 1292(b). District courts in the Fourth Circuit use this tripartite standard when considering whether to grant leave to interlocutory appeals from the bankruptcy courts. *See, e.g., Public-Sector Sols., Inc. v. Hunt & Assocs., P.C.*, 626 F. Supp. 3d 811, 813–14 (D. Md. 2022).

As discussed above, the Court does not perceive the instant appeal to directly concern an order of the bankruptcy court. Moreover, there is no basis upon which to conclude that permitting an appeal would materially advance any part of the underlying bankruptcy proceeding or that there is a substantial ground for difference of opinion. Leave to proceed with an interlocutory appeal is denied.

Finally, as is reflected in appellant's motion to apply existing *in forma pauperis* status, [DE 14], the denial of pauper status by the bankruptcy court in the underlying bankruptcy proceeding is the subject of a separate appeal, case No. 7:26-cv-4-BO (E.D.N.C. Jan. 13, 2026). Accordingly, the Court will not consider the bankruptcy court's denial of appellant's motion to proceed *in forma pauperis* as part of the instant appeal.

Accordingly, the Court determines that it lacks jurisdiction over this appeal. The appeal is therefore DISMISSED. Appellant's motion to apply existing *in forma pauperis* status [DE 14] is DENIED as moot. The clerk is DIRECTED to close this case.

SO ORDERED, this 21 day of October 2026.

Terrence Boyle

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE